IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES E. SPANGLER,

                Petitioner,

v.

JEFF PUGH,[1]

                Respondent.

OPINION & ORDER

16-cv-646-jdp

---

Pro se petitioner Charles E. Spangler is a state prisoner incarcerated at the Chippewa Valley Correctional Treatment Facility, located in Chippewa Falls, Wisconsin. He is serving his sentence for a seventh offense of drunken driving, and he seeks a writ of habeas corpus under 28 U.S.C. § 2254, asserting two claims: the government breached a plea agreement it had with Spangler by recommending five years of initial confinement at sentencing, as opposed to three years of initial confinement as agreed under the plea agreement; and he had ineffective assistance of counsel because his attorney failed to object to the state's breach of the plea agreement. Spangler's petition is now fully briefed.

Spangler cannot obtain habeas relief if he suffered no prejudice due to the state's breach of the plea agreement or the attorney's failure to object to the breach. The Wisconsin Court of Appeals concluded that he suffered no prejudice, reasoning that the sentencing court would not have imposed three years of initial confinement, which was the mandatory minimum, even if the parties had jointly recommended that sentence. The sentencing court noted that Spangler

---

[1] I have amended the caption because Spangler has moved to a new facility. As respondent points out, Dkt. 15, at 3 n.1, Jeff Pugh is the proper respondent because he is the warden of the Chippewa Valley Correctional Treatment Facility.

had received three years of initial confinement for a prior offense of drunken driving, which had not deterred Spangler from driving drunk, so the court needed to impose a harsher sentence. In light of these remarks from the sentencing court, the Wisconsin Court of Appeals' decision is not so lacking in justification that it warrants habeas relief. Accordingly, I will deny Spangler's petition.

BACKGROUND

In 2011, Spangler was arrested for his seventh offense for operating while intoxicated (OWI). Spangler entered into a plea agreement with the state, and the parties agreed that Spangler would be on probation for five years, and if he were to violate the terms of his probation, the state would recommend three years of initial confinement and five years of extended supervision. Dkt. 1-6, at 3 (plea questionnaire); Dkt. 11-7, at 9 (plea hearing transcript). The circuit court for Jackson County withheld sentencing Spangler and placed him on probation for five years. Spangler later violated the terms of his probation by committing his eighth OWI offense, which resulted in revocation of his probation.

At the sentencing for Spangler's seventh OWI offense, the state recommended that Spangler be sentenced to five years—not three years—of initial confinement and five years of extended supervision. Dkt. 11-9, at 4. Spangler's counsel did not explicitly object to the state's recommendation on the basis that it violated the plea agreement, even though he mentioned that there was an agreement for "three years in and the three years out." *Id*. at 7. The circuit court sentenced Spangler to four years of initial confinement and four years of extended supervision. Dkt. 11-1.

Spangler then filed a postconviction motion challenging his sentence. He argued that the state had breached the plea agreement and that his attorney had provided ineffective assistance by failing to object to the state's breach of the plea agreement. Dkt. 7-2, at 4 and Dkt. 7-3, at 20. The circuit court denied Spangler's motion, reasoning that despite the state's breach of the plea agreement, the sentence imposed was appropriate. Dkt. 1-3, at 5–7. Spangler appealed, Dkt. 7-3, at 8–9, and the Wisconsin Court of Appeals affirmed the circuit court's decision, explaining that Spangler suffered no prejudice because the circuit court would not have adopted the agreed-upon recommendation of three years of initial confinement, a mandatory minimum for Spangler's offense, given the sentencing judge's remarks at the sentencing about Spangler's extensive history of drunken driving and the need for a harsher sentence. Dkt. 7-2, at 5–6. Spangler filed a petition for review with the Wisconsin Supreme Court, Dkt. 1-2, at 4–5, and his petition was denied, Dkt. 1-1.

## ANALYSIS

Under Section 2254, a federal district court may grant habeas relief only when the petitioner demonstrates that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Spangler is in custody because of a state judgment, so Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, governs his petition. Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Conner v. McBride*, 375 F.3d 643, 648–49 (7th Cir. 2004). To obtain habeas relief, the petitioner must show that the state court's decision "was so lacking in justification that there was error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

Spangler is proceeding on two grounds for habeas relief:

1. The state breached the plea agreement by seeking five years of initial confinement, when it agreed to seek only three years of initial confinement; and

2. Spangler had ineffective assistance of counsel because his attorney failed to object to the state's breach of the plea agreement.

The Wisconsin Court of Appeals' opinion affirming the denial of Spangler's postconviction motion is the operative decision here because that court is the last state court to address Spangler's claims on the merits. *See Campbell v. Reardon*, 780 F.3d 752, 762 (7th Cir. 2015).[2] The court of appeals reasoned that despite the state's breach of the plea agreement or counsel's deficient performance, Spangler suffered no prejudice. According to the court of appeals, it was not "even possible" that Spangler would have been given the three years of

---

[2] The Wisconsin Court of Appeals did not discuss Spangler's breach-of-plea-agreement claim at length, but when a state court opinion addresses some but not all of claims, a rebuttable presumption arises that the court adjudicated the all claims on merits. *See Johnson v. Williams*, 568 U.S. 289, 300 (2013). The court of appeals acknowledged and addressed Spangler's breach-of-plea-agreement claim, Dkt. 11-4, at 4, even though the analysis of that claim was subsumed in the analysis for his ineffective assistance of counsel claim, as discussed below.

4

initial confinement, which was the mandatory minimum sentence for Spangler's eighth OWI offense, given the circuit court's remarks at sentencing on Spangler's extensive history of drunken driving. Dkt. 11-4, at 5–6.

I conclude that the Wisconsin Court of Appeals' decision is not so lacking in justification that it warrants granting Spangler's habeas petition. *See Harrington*, 562 U.S. at 103. I will consider both of Spangler's claims together, as the Wisconsin Court of Appeals did because both claims turn on whether Spangler suffered prejudice. *See Campbell v. Smith*, 770 F.3d 540, 549 (7th Cir. 2014) (reasoning that a habeas petition claiming a breach of a plea agreement and ineffective assistance of counsel fail because the petitioner cannot show prejudice).

When a plea agreement "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). Promising a recommendation for lenity and breaching that promise has been held to be a serious breach, *United States v. Diaz-Jimenez*, 622 F.3d 692, 694, 698–97 (7th Cir. 2010), and habeas relief for such a breach can range from resentencing to withdrawal of the guilty plea, *see Kernan v. Cuero*, 138 S. Ct. 4, 8 (2017). But a district court cannot grant habeas relief when the petitioner suffered no prejudice due to the government's breach. *See Campbell*, 770 F.3d at 549 ("[E]ven if the prosecutor's omission of the initial confinement recommendation and affirmative arguments in combination amounted to a material and substantial breach the plea agreement, Campbell's inability to demonstrate prejudice dooms his petition.").

As for the ineffective assistance of counsel claim, the familiar two-step inquiry from *Strickland v. Washington* applies here. First, Spangler must show that his "counsel made errors

so serious that counsel was not functioning as the 'counsel'" under the Sixth Amendment. 466 U.S. 668, 687 (1984). Second, Spangler must show that the deficient performance caused him prejudice, which requires him to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

To show prejudice when a breach of a plea agreement denied rights related to sentencing, "'the question . . . is not whether [the petitioner] would have entered the plea' but whether the breach 'affected . . . his sentence.'" *Campbell*, 770 F.3d at 549 (quoting *Puckett v. United States*, 556 U.S. 129, 142 n. 4 (2009)). So despite the breach, a habeas petitioner "will not always be able to show prejudice, either because he obtained the benefits contemplated by the deal anyway (e.g., the sentence that the prosecutor promised to request) or because he likely would not have obtained those benefits in any event." *Puckett*, 556 U.S. at 141–42. To determine whether the petitioner suffered prejudice, a court may consider "the actual decision-making process, provided that it is part of the sentencing record," including a transcript from the sentencing. *Campbell*, 770 F.3d at 550 (examining the circuit court's remarks at sentencing and concluding that the circuit court would not have adopted the agreed-upon sentence recommendation and thus the petitioner suffered no prejudice from the breach of a plea agreement).

In Spangler's case, the circuit court's remarks at sentencing support the Wisconsin Court of Appeals' conclusion that the circuit court would not have adopted a mandatory minimum of three years of initial confinement even if that had been the parties' joint recommendation. The circuit court revoked Spangler's probation and imposed a sentence for his seventh offense after sentencing him for the eighth offense. Dkt. 11-9, at 9. The circuit court noted that a six-year sentence for Spangler's sixth OWI offense, which had been three

6

years' initial confinement and three years' extended supervision, was ineffective and that the sentence imposed for his eight offense—also three years' initial confinement and three years' extended supervision—would not adequately protect the public and would "unduly depreciate the seriousness" of Spangler's conduct. Dkt. 11-9, at 8–12. Spangler had gaps between his past OWI offenses when he did not drive drunk, but this was only because he was incarcerated during those periods and he could not drive. *Id*. at 9–10. The circuit court concluded that Spangler was "one of those hardcore OWI defendants who simply can't or won't stop operating while intoxicated" and that the only thing to deter Spangler from drunken driving was to incarcerate him "for ever longer periods of time." *Id*. at 11. Given these remarks, particularly that the circuit court thought that three years' initial confinement was ineffective, the Wisconsin Court of Appeals' conclusion was not unreasonable.

Spangler contends that it is "plausible" that the circuit court could have adopted a joint recommendation from the parties for three years' initial confinement. Dkt. 16, at 5. This is true. As Spangler points out, the circuit court had adopted the state's recommendation for his prior offenses. And maybe it is a bit odd that the judge sentenced him three years' incarceration for his eighth OWI offense before giving him a stiffer revocation sentence for his seventh OWI offense. Both sentences arise from the same instance of drunken driving. But the Wisconsin Court of Appeals' failure to consider these issues—if it were error at all—is not enough to satisfy the stringent standard for granting a habeas petition under Section 2254(d). Failure to consider a "plausible" outcome absent counsel's deficient performance or "even 'clear error' will not suffice." *Campbell*, 770 F.3d at 546 (quoting *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014)). What Spangler needs to show is that the Wisconsin Court of Appeals' decision "was so lacking in justification that there was an error well understood and comprehended in existing law

7

beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 131. That high standard is not met here. It appears that the sentencing court changed its mind on what was an appropriate sentence for the same drunken driving instance that resulted in the eighth OWI offense and the revocation of his probation from the seventh offense:

> And the sad truth that comes to my realization from these cases is that the only thing that deters a defendant such as Mr. Spangler from drinking and driving is to lock them up for ever longer periods of time. . . . I do note that he was recently sentenced to six years in the aforementioned OWI case [the eighth OWI offense] and now he's to be sentenced for OWI 7. And we know from the OWI 6 case that the six-year sentence there was ineffective.

Dkt. 11-9, at 11 (sentencing transcript); *see also* Dkt. 1-3, at 6 (order denying motion for postconviction relief) ("Had the court sentenced him first for OWI-7, he still would be in the same boat."). A fairminded jurist could conclude that, given the remarks on Spangler's extensive history of drunken driving, it was unrealistic that Spangler would get the minimum sentence of three years' initial confinement for his eighth offense. The Wisconsin Court of Appeals' decision was not so lacking in justification that it was beyond any possibility for fairminded disagreement.

In sum, the Wisconsin Court of Appeals' decision that Spangler suffered no prejudice due to the state's breach of the plea agreement or his attorney's error was not unreasonable. Because Spangler's petition does not satisfy the stringent standard under Section 2254(d), I will deny his petition.

Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, I conclude that Spangler has not made a showing, substantial or otherwise, that his conviction was obtained in violation of clearly established federal law as decided by the Supreme Court. Because reasonable jurists would not otherwise debate whether a different result was required, I will not issue him a certificate of appealability. Spangler may, however, seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner Charles E. Spangler's petition for a writ of habeas corpus, Dkt. 1, is DENIED.

2. The clerk of court is directed to enter judgment in favor of respondent and close the case.

3. A certificate of appealability is DENIED. If petitioner wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered January 26, 2018

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge